U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 15 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KRISTEE HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-502-A |
| | § | |
| BAY AREA CREDIT SERVICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant Bay Area Credit Service ("BACS") to dismiss plaintiff's claims against it in the above-captioned action. The court, having considered the motion, the response, the record, and applicable legal authorities, concludes that it should be granted in part.

I.

Plaintiff's Claims

Kristee Hall initiated this action on June 26, 2017 by filing her original complaint. Plaintiff's live pleading is her first amended complaint filed August 16, 2017. In it, plaintiff alleges that BACS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681x ("FCRA"), as well as various provisions of the Fair Debt Collection Practices Act, 15 U.S.C § 1692-1962p("FDCPA"), by reporting inaccurate information to a credit reporting agency and by failing to correct the information upon

becoming aware of its inaccuracy. Plaintiff makes the following factual allegations:

In January 2017, plaintiff became aware from her TransUnion credit report that BACS was reporting her to be delinquent on a debt. Plaintiff inquired as to the nature of this debt, and learned that it was for an ambulance ride in California that she in fact had not taken. Plaintiff filed an online dispute with TransUnion regarding the inaccurate debt, which then conveyed the information to BACS. BACS apparently responded by placing plaintiff's account in disputed status and notifying the credit reporting agencies of the disputed status. In February 2017 plaintiff again called BACS to dispute the debt she saw reflected on her credit report. Plaintiff contacted BACS in April 2017 to dispute the debt yet again, prompting BACS to finally investigate the legitimacy of the debt.

II.

Grounds of Bay Area Credit Service's Motion

Movant seeks dismissal of plaintiff's claims against it for failure to state a claim upon which relief may be granted. Specifically, BACS claims that plaintiff has failed to state a claim under 15 U.S.C. § 1681s-2(b) because BACS complied with the requirements of the FCRA by placing plaintiff's claim "in dispute" after their first communication and then later deleting

the item from plaintiff's credit history. Second, BACS claims that plaintiff has failed to state a claim under the FDCPA because her pleadings fail to allege that BACS made any attempt to collect a debt from plaintiff.

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim[s are] and the grounds upon which [they] rest[]." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

IV.

Analysis

1. FCRA Claim Under § 1681s-2(b)

Plaintiff's first cause of action against BACS alleges that BACS violated § 1681s-2(b) by "failing to fully and properly investigate Plaintiff's disputes; by failing to review all

4

relevant information regarding same; by failing to accurately respond to Trans Union [sic]; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to Trans Union [sic]." Doc.[1] 19 at 6-7.

Section 1681s-2(b)(1) involves the duties of furnishers of information upon a notice of dispute from a credit reporting agency, and provides:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting

---

[1] The "Doc. ___" reference is to the numbers assigned to the referenced documents on the docked of this case, No. 4-17-CV-502-A.

5

agency only, as appropriate, based on the results of the reinvestigation promptly--

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information.

15 U.S.C.A. § 1681s-2(b)(1). This section applies when furnishers of information, in this case defendant BACS, have been notified by a credit reporting agency that a consumer is disputing a debt.[2] For a consumer to state a claim under §1681s-2(b), she must allege that a consumer reporting agency such as TransUnion actually notified the furnisher of information that the debt was disputed. See Young v. Equifax, 294 F.3d 631, 639 (5th Cir. 2002) (notice from the credit reporting agency "is necessary to trigger the furnisher's duties under § 1681s-2(b)."). Plaintiff alleges in her amended complaint that the credit reporting agency (here, TransUnion) notified BACS about a disputed debt on plaintiff's credit report "on or around January 7, 2017," thus triggering BACS's duty to investigate plaintiff's claims. BACS admits that it responded to this information by placing the account in disputed status and notifying the credit reporting agencies of the disputed status.

---

[2] Section 1681i(a)(2), cited in § 1681s-2(b)(1), provides that a credit reporting agency, within five days of receiving notice of a dispute from a consumer, must notify the furnisher of the information of the dispute.

6

However, § 1681s-2(b) requires a debt collector take more action than just placing the account in disputed status. It requires that the debt collector, among other things, conduct an investigation into the merits of the dispute, and if the information in question is found to be false, undertake prompt removal, deletion, or other measures to correct the mistake. 15 U.S.C. § 1681s-2(b)(1). The debt collector has a 30-day window in which to conduct such an investigation and follow up with appropriate action. Id. at 1681i. Plaintiff's amended complaint alleges that despite being put on notice in January that the information listed on her credit report was false, BACS continued to report the debt to credit reporting agencies for several more months. Plaintiff has pleaded facts sufficient to make her § 1681s-2(b) claim plausible.

2. FDCPA Claims

The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Section 1692e of FDCPA provides in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the

collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(2) The false representation of--

(A) the character, amount, or legal status of any debt;

. . . .

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2), (8), (10). Section 1692f prohibits use of "unfair or unconscionable means to collect or attempt to collect any debt," and lists specific actions that are considered violations, including "[t]he collection of any amount...unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Although plaintiff cites the above sections of the FDCPA in her amended complaint, and continues on to allege that BACS made certain false or misleading representations when it reported the debt to TransUnion, the amended complaint alleges nothing to plausibly support a theory that the complained of communications were to induce her to pay her debt. Thus, plaintiff has not plausibly alleged that BACS made its credit reporting in connection with collecting a debt, or that BACS used unfair or unconscionable means to collect a debt.

There is another reason why plaintiff has failed to sufficiently plead her § 1692e(8) claim. Plaintiff alleges that upon learning of the alleged mistake on her credit report, BACS "did not investigate the debt, and instead simply reported the debt as 'disputed by consumer'." Doc. 19 at 5. However, by its own terms, the applicable statute "merely requires a debt collector who knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history." Sayles v. Advanced Recovery Systems, Inc., 865 F.3d 246, 249 (5th Cir. 2017). Plaintiff admits BACS did this. Thus, plaintiff has failed to plausibly allege a violation of FDCPA § 1692e(8).

V.

Order

The court ORDERS that BACS's motion to dismiss be, and is hereby, granted in part, and that plaintiff's FDCPA claims against BACS be, and are hereby, dismissed.

SIGNED September 15, 2017.

_____
JOHN McBRYDE
United States District Judge